```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| **TORRECO HOSKIN,** | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| vs. | \* CIVIL ACTION NO. 20-00111-CG-B |
| | \* |
| **SILAR D. MARQUINO,** *et al.*, | \* |
| | \* |
| Defendants. | \* |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. On January 13, 2020, Hoskin filed the instant action under 42 U.S.C. § 1983 against Defendants Officer Marquino D. Siler[1] and Officer Michael Mitchell for an incident occurring on December 29, 2018, at Holman prison, while Hoskin was being held in a "crisis cell."[2] (Doc. 1 at 4-5). Hoskin alleges that on that date, Defendants Siler and Mitchell beat him with batons, injuring his head, after which he was taken to the infirmary. (Id.). Hoskin alleges that he was beaten

---

[1] Defendant Marquino D. Siler is incorrectly named Siler D. Marquino in the complaint. (Docs. 1, 20).

[2] This action was originally filed in the Northern District of Alabama and was transferred to this Court on February 14, 2020. (Doc. 5).

twice on this date by several officers, resulting in injuries including bruises, injured back, busted finger, and busted head. (Id.).

At the time Hoskin filed the instant action, he had pending before this Court another § 1983 action that he had filed on February 19, 2019, for injuries arising out of a contemporaneous incident on December 29, 2018, namely, Hoskin v. McKenzie, *et al.*, Case No. 1:19-cv-00143-JB-N.  In that action, Hoskin seeks damages against Defendants Brandon McKenzie, Jermaine Bullard, and Lane for injuries that occurred on December 29, 2018, at approximately 4:00 p.m. when said Defendants allegedly beat Hoskin while he was in the infirmary, resulting in injuries to his finger and a dislocated bone close to his spine.  (Doc. 1 at 4-5).

A review of the Special Reports filed in the two actions reveals significant, and likely unavoidable, duplication of facts, reports, medical records, and other evidence as both actions arise out of contemporaneous incidents on December 29, 2018.  Given said duplication, it appears that consolidation of the two actions is appropriate.  A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995)(internal quotation marks omitted).  In exercising that discretion, district

courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). "District court judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotation marks omitted). The decision whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973).

Under these standards, consolidation of Plaintiff's two actions promotes judicial economy. In both complaints, Hoskin alleges the same injuries from two contemporaneous events, and Defendants' Special Report in the instant action specifically references Hoskin's "two civil actions for violation of his civil rights that occurred on the same date, December 29, 2018, in the same location, the crisis cell S1 at Holman Prison," referring to the instant case and Hoskin v. McKenzie, *et al.*, Case No. 1:19-cv-00143-JB-N. (Doc. 14 at 2). The Report further repeats much of the same information

3

set forth in the Special Report filed in Hoskin v. McKenzie, *et al.*, Case No. 1:19-cv-00143-JB-N.  Moreover, the Special Reports in both cases rely on identical Incident Reports, Investigative Reports, Duty Officer Reports, and Body Charts.  (Doc. 14-1 at 1-2).

Accordingly, in the interest of judicial economy, the undersigned RECOMMENDS that the instant action be consolidated with the prior filed Hoskin v. McKenzie, *et al.*, Case No. 1:19-cv-00143-JB-N.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on

appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **23rd** day of **July, 2020.**

>         **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**